```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

LUCAS M. SODEN,                    )
                                   )
            Petitioner,             )
                                   )
       v.                          )    No. 4:05 CV 1399 CAS
                                   )                      DDN
MICHAEL MURPHY,                    )
                                   )
            Respondent.             )

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court upon the petition of Missouri state prisoner Lucas M. Soden for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge for review and a recommended disposition in accordance with 28 U.S.C. § 636(b).

**I. BACKGROUND**

On August 11, 2000, petitioner Soden pled guilty in the Circuit Court of Ste. Genevieve County, 24th Judicial Circuit of Missouri, to one count of felonious restraint. Pursuant to a negotiated plea bargain, petitioner was sentenced by Circuit Judge Stan Murphy on October 3, 2000, to five years imprisonment in the Missouri Department of Corrections, but the execution of this sentence was suspended and petitioner was placed on probation for five years. Doc. 9, Ex. A at 12. On December 20, 2000, petitioner entered a guilty plea in the Circuit Court of St. Francois County, also in the 24th Judicial Circuit, to two counts of assault in the second degree; he was sentenced to two concurrent terms of five years imprisonment. Id. at 6.

On November 19, 2003, following a probation revocation hearing in the Ste. Genevieve County Circuit Court in the felonious restraint case, petitioner's probation was revoked by Circuit Judge Sandy Martinez. Judge Martinez then ordered execution of the five-year sentence previously imposed by Judge Murphy. Id. Ex. B at 8-47, 32.

At the probation revocation hearing, the following colloquy took place:

> THE DEFENDANT: May I ask, am I being returned to complete the rest of the sentence, or am I being returned to complete a five-year sentence?
>
> THE COURT: You already have a five-year sentence, and whatever time you have served on the five-year sentence pertaining to this case, then you will not be required to re-serve that.
>
> I cannot credit time. Under the law, I have no jurisdiction to do that. But if you have served any time on this five-year sentence, then you will not be required to serve, start over, in other words.
>
> THE DEFENDANT: Well, I'm just saying, you just read that I was sentenced on October the 3rd or the 8th, of 2000.
>
> THE COURT: Yes.
>
> THE DEFENDANT: I'm assuming that from then to now would be almost three years? Am I correct?
>
> THE COURT: You don't get probation credit time. You get prison time. So, if you haven't served any jail time or prison time, then that's not--you know, that's the type of credit you get, not probation time.
>
> MR. ZIMMER (Defendant's counsel): He's previously served penitentiary time.
>
> THE COURT: And that will be credited to whatever he served that to, okay.

(Id. Trans. at 37-38.)

It is undisputed that petitioner filed habeas corpus petitions in the Circuit Court of St. Francois County, the Missouri Court of Appeals, and the Missouri Supreme Court claiming that his incarceration was unlawful because Judge Martinez had a duty to recuse herself from the probation revocation proceedings; petitioner was deprived of prison time credit; and petitioner was entitled to release on the electronic monitoring program or that the statute establishing Missouri's electronic monitoring program is unconstitutional. (Doc. 9 Ex. A at 1-9.) It is further undisputed that these petitions were summarily denied by each court. (Doc. 8.); (Doc 9 Ex. C.)

Petitioner then filed a petition for federal habeas corpus relief in the Western District of Missouri, and the petition was transferred to this court. (Doc. 3.) Petitioner's petition for a federal writ of habeas corpus alleges the following grounds for relief:

> (1) The judge presiding over petitioner's probation revocation hearing had a duty to recuse herself due to having served as prosecutor against petitioner in the St. Francois County charges.
>
> (2) Petitioner has been deprived of prison time credit served toward the service of his present sentence.
>
> (3) (a) Petitioner is entitled to release on house arrest as part of the statutorily mandated Electronic Monitoring Program pursuant to Mo. Rev. Stat. § 217.541 (2000), or in the alternative:
>
> (b) Petitioner seeks a declaration from this court that Mo. Rev. Stat. § 217.541 (2000) is unconstitutional and a meaningless act of the legislature.

Respondent argues only that the petitioner's grounds are without merit.

## II. DISCUSSION

### Standard of Review

This court's review of a state court decision is limited to situations when adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The summary nature of the state court habeas corpus decisions does not modify the standard of review used by this court. Closs v. Weber, 238 F.3d 1018, 1020 (8th Cir. 2001). A state court decision is contrary to established federal law if it contradicts the governing Supreme Court cases on a question of law or if, when confronting facts "materially indistinguishable" from the

facts addressed in a Supreme Court decision, it reaches a different result. <u>Williams v. Taylor</u>, 529 U.S. 362, 406 (2000).

### Ground I

Petitioner alleges that Circuit Judge Martinez owed a duty to both the public and petitioner to recuse herself from presiding over his probation revocation hearing because she served as prosecutor in another case against him on two charges in St. Francois County. It cannot be gainsaid that petitioner has a right to a neutral and detached judge to determine whether probation should be revoked. <u>Morrissey v. Brewer</u>, 408 U.S. 471, 489 (1972). However, petitioner fails to identify any specific act of prejudice by Judge Martinez, and the scope of her judicial activity with him was merely to impose a sentence that had already been pronounced by Judge Murphy in the case. Previous contact between a judge and a litigant in an unrelated context is insufficient to require disqualification of the judge. <u>United States v. Leisure</u>, 377 F.3d 910, 916 (8th Cir. 2004), <u>cert. granted and judgment vacated on other grounds</u>, 543 U.S. 1112 (2005); <u>United States v. Hurst</u>, 951 F.2d 1490, 1503 (6th Cir. 1991).

Other federal courts have held that, when a former prosecutor later acts as a judge, an appearance of bias or prejudice against the defendant or grounds to require disqualification of the judge do not automatically appear. See <u>Del Vecchio v. Illinois Dept. of Corrections</u>, 31 F.3d 1363, 1370 (7th Cir. 1994); <u>Corbett v. Bordenkircher</u>, 615 F.2d 722, 723-24 (6th Cir. 1980); <u>Murphy v. Beto</u>, 416 F.2d 98, 100 (5th Cir. 1969).

Petitioner Soden received the bargained-for sentence which followed a knowing and voluntary guilty plea. Therefore, any allegations of prejudice regarding the length of the sentence imposed are without merit. This is particularly true where the judge alleged to be required to recuse herself did nothing to extend the length of the petitioner's sentence, but only ordered that the previously bargained-for sentence be served.

For these reasons, petitioner's first ground is without merit.

## Ground II

Petitioner seeks credit for time served in the Missouri Department of Corrections between December 4, 2000 and November 17, 2001, before the probation revocation proceedings occurred in Ste. Genevieve County circuit court.

Petitioner also alleges that the language of the presiding judge and the revocation order issued make accreditation of this time mandatory under Mo. Rev. Stat. § 559.036.3 (2000). Respondent argues that no federal statute or constitutional provision has been cited that would entitle petitioner to the credit he seeks, and therefore the claim is not cognizable in federal habeas proceedings.

The interpretation of state crediting statutes, including pre-sentence jail-time credit, is a matter of state concern and therefore not proper for federal habeas relief. See Travis v. Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991); cf., Bilynsky v. Schneider, 2003 WL 22287355 at * 5 (E.D.Mo. August 19, 2003).

For this reason, petitioner's second ground is without merit.

## Ground III

In petitioner's third ground for relief, the initial claim is that the state's failure to release petitioner on a house arrest program violates his due process and equal protection rights. Petitioner's due process rights have not been violated. To determine whether due process requirements apply, the court "must look not to the 'weight' but to the *nature* of the interest at stake." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) (quoting Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972)). A state may by statute create a liberty interest in the granting of parole. Greenholtz, 442 U.S. at 12.

However, the Missouri Court of Appeals, relying on rulings of the United States Supreme Court and the Eighth Circuit, has held that "there is no constitutional or inherent right of a convicted person to be conditionally released before expiration of a valid sentence." Gettings v. Missouri Dept. of Corrections, 950 S.W.2d 7, 8 (Mo. Ct. App. 1997) (quoting Greenholtz, 442 U.S. at 7). Because the language

of the relevant Missouri statute is permissive and not mandatory,[1] it does not create a constitutionally protectable liberty interest for the petitioner.  See Forrester v. Bass, 397 F.3d 1047, 1055 (8th Cir.), cert. denied, 126 S. Ct. 363 (2005).  Rather, the statute functions to authorize and direct certain administrative agency activities, but does not require a specific substantive outcome.  Therefore, petitioner has not been deprived of any interest in violation of the Due Process Clause of the Fourteenth Amendment.

Regarding petitioner's invocation of the Equal Protection Clause, petitioner has failed to establish that he belongs to a protected class.  Therefore, he cannot receive the benefit of strict scrutiny of the law.  See San Antonio Indep. School Dist. v. Rodriguez, 411 U.S. 1, 17 (1973).  Neither prisoners nor indigents constitute protected classes.  Murray v. Dosal, 150 F.3d 814, 818 (8th Cir. 1998). Therefore, the statute that authorizes the implementation of a house arrest program is subject to a rational basis review.

Under rational basis review, a law is valid if it "rationally furthers a legitimate state interest."  Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).  Allowing certain inmates to readjust to living in society while maintaining supervision over their activities is a legitimate state interest.  Accordingly, petitioner's claim that he was denied equal protection of the law fails.

In the alternative, petitioner argues that Mo. Rev. Stat. § 217.541 (2000) is unconstitutional and a meaningless act of the legislature.  A resolution of whether the provisions of the house arrest program are constitutional necessarily involves a determination of the adequacy and availability of state post-conviction procedures. This type of inquiry is not cognizable in a federal habeas petition. Vaughan v. Groose, 884 F. Supp. 339, 342 (W.D. Mo. 1995), aff'd, 89 F.3d 842 (8th Cir. 1996)(Table).  There is no federal constitutional requirement that states provide a means of post-conviction review of state convictions.  Therefore, any infirmity in a post-conviction

---

[1] Mo. Rev. Stat. § 217.541.1 provides that the Department of Corrections "may" allow a prisoner to participate in the house arrest program.

proceeding does not raise a constitutional issue cognizable in a federal habeas petition.  <u>Williams-Bey v. Trickey</u>, 894 F.2d 314, 317 (8th Cir. 1990).  For these reasons, petitioner's third ground is without merit.

### RECOMMENDATION

It is recommended that the petition of Lucas M. Soden for a writ of habeas corpus be denied.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation.  The failure to file timely written objections may result in the waiver of the right to appeal issues of fact.

/S/ David D. Noce
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 13, 2007.